IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT S. LLOYD, #250 886, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 2:19-CV-411-MHT |
| | ) [WO] |
| ALABAMA DEPT. OF CORRECTIONS, *et al.*, | ) |
| Defendants. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.  INTRODUCTION

This 42 U.S.C. § 1983 action is pending before the court on a *pro se* complaint filed by Robert Lloyd, an inmate confined at the Bullock Correctional Facility. Lloyd challenges the conditions of his confinement which he complains resulted in him being assaulted and injured by another inmate.  Named as defendants are the Alabama Department of Corrections ("ADOC"), inmate Dedric Shepherd, Lieutenant W. Cousins, and Warden Antonio Mclain. Upon review, the court concludes that Plaintiff's complaint against the ADOC and inmate Shepherd are due to be dismissed prior to service of process under the directives of 28 U.S.C. § 1915(e)(2)(B)(i). [1]

### II.  DISCUSSION

**A.  The Alabama Department of Corrections**

Lloyd names the ADOC as a defendant. The Eleventh Amendment bars suit directly against a state or its agencies, regardless of relief sought. *Pennhurst State School & Hosp. v. Halderman*,

---

[1] This court granted Lloyd leave to proceed *in forma pauperis* in this civil action.  Doc. 9.  A prisoner granted *in forma pauperis* status will have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss the complaint prior to service of process if it determines that the claims raised therein are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

465 U.S. 89 (1984); *Papasan v. Allain*, 478 U.S. 265 (1986) (Unless the State of Alabama consents to suit or Congress rescinds its immunity, a plaintiff cannot proceed against the State or its agencies as the action is proscribed by the Eleventh Amendment and "[t]his bar exists whether the relief sought is legal or equitable.").

> "[T]he Eleventh Amendment prohibits federal courts from entertaining suits by private parties against States and their agencies [or employees]." *Alabama v. Pugh*, 438 U.S. 781, 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978).  There are two exceptions to this prohibition: where the state has waived its immunity or where Congress has abrogated that immunity.  *Virginia Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 131 S.Ct. 1632, 1637–38, 179 L.Ed.2d 675 (2011).  "A State's consent to suit must be 'unequivocally expressed' in the text of [a] relevant statute." *Sossamon v. Texas*, 563 U.S. 277, 131 S.Ct. 1651, 1658, 179 L.Ed.2d 700 (2011) (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984)). "Waiver may not be implied." *Id*.  Likewise, "Congress' intent to abrogate the States' immunity from suit must be obvious from 'a clear legislative statement.'" *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996) (quoting *Blatchford v. Native Vill. of Noatak*, 501 U.S. 775, 786, 111 S.Ct. 2578, 115 L.Ed.2d 686 (1991)).

*Selensky v. Alabama*, 619 F. App'x 846, 848–49 (11th Cir. 2015).  Thus, neither the State of Alabama or its agencies may be sued unless the State has waived its Eleventh Amendment immunity, *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984), or Congress has abrogated the State's immunity, *see Seminole Tribe v. Florida*, 517 U.S. 44, 59 (1996).

> Neither waiver nor abrogation applies here. The Alabama Constitution states that "the State of Alabama shall never be made a defendant in any court of law or equity." Ala. Const. art. I, § 14.  The Supreme Court has recognized that this prohibits Alabama from waiving its immunity from suit.  *Pugh,* 438 U.S. at 782, 98 S.Ct. 3057 (citing Ala. Const. art. I, § 14.)

*Selensky*, 619 F. App'x at 849.  "Alabama has not waived its Eleventh Amendment immunity in § 1983 cases, nor has Congress abated it."  *Holmes v. Hale*, 701 F. App'x 751, 753 (11th Cir. 2017) (citing *Carr v. City of Florence*, Ala., 916 F.2d 1521, 1525 (11th Cir. 1990)).  Consequently, any claims lodged against the State of Alabama or its agencies are frivolous as these claims are "based

2

on an indisputably meritless legal theory[,]" *Neitzke v. Williams*, 490 U.S. 319, 327 (1989), and are therefore due to be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i).

**B.  Inmate Shepherd**

Lloyd seeks damages in this § 1983 action for injuries he received on April 15, 2019, because of an attack on him by inmate Dedric Shepherd.  According to the complaint, inmate Shepherd attacked and robbed Lloyd as Lloyd accessed his property box.  When Lloyd ran after inmate Shepherd to retrieve his property, inmate Shepherd assaulted him by hitting him in his left temple and left eye with a mop handle. Lloyd maintains he has lost vision in his right eye. Doc. 1 at 2–3.

An essential element of a 42 U.S.C. § 1983 action is that a person acting under color of state law committed the asserted constitutional deprivation.  *American Manufacturers Mutual Ins. Company v. Sullivan*, 526 U.S. 40 (1999); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).

> To state a [viable] claim for relief in an action brought under § 1983, [a plaintiff] must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. . . .  [T]he under-color-of-state-law element of § 1983 excludes from its reach "'merely private conduct, no matter how discriminatory or wrongful,'" *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948)). . . .  [Consequently,] state action requires **both** an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," **and** that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *see Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)."

*American Manufacturers*, 526 U.S. at 49–50 (footnote omitted) (emphasis in original).

A review of Lloyd's complaint reflects no express allegation, nor may it be inferred or implied from facts in the complaint, that inmate Shepherd was acting under color of state law at

3

the time of the actions complained of as required by § 1983. And "an inmate's attack on another inmate cannot be attributed to the state in order to qualify the attacker as a state actor." *Hudson v. Kintock Group,* 2013 WL 6230268 (D. N.J. Dec. 2, 2013) (citations omitted); *Batiste v. Gusman*, 2013 WL 6095833 (E.D. La. Nov. 20, 2013) (finding "an inmate involved in a prison fight is not a person acting under color of state law as required for liability under § 1983."); *Blum*, 457 U.S. at 1002 (internal quotation marks and citation omitted) (holding "the under-color-of state-law element of § 1983 excludes from its reach merely private conduct, no matter how . . . wrongful."); *Focus on the Family v. Pinellas Suncoast Transit Authority*, 344 F.3d 1263, 1277 (11th Cir. 2003) (same).

Since the conduct about which Lloyd complains was not committed by a person acting under color of state law, the § 1983 claims presented against inmate Shepherd lack an arguable basis in law and are therefore subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

## IV. CONCLUSION

Accordingly, it is the Recommendation of the Magistrate Judge that:

1. Plaintiff's § 1983 claims against the Alabama Department of Corrections and Defendant Shepherd be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i).

2. This case be referred to the undersigned for further proceedings.

It is

ORDERERD that on or before **October 4, 2019,** Plaintiff may file an objection to the Recommendation. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made. Frivolous, conclusive, or general objections will not be considered by the court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations as required by the provisions of 28 U.S.C. § 636(b)(1) shall bar a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation. The failure to file written objections will also waive the right of the plaintiff to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

Done, this 20th day of September 2019.

    /s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE